IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR No.: 3:13-007-JFA |
| | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| NIRUNDON PHYCHAROENYOS | ) | |
| _____ | ) | |

This matter is before the court on the defendant's *pro se* motion for a reduction in his sentence pursuant to the First Step Act of 2018[1] and 18 U.S.C. § 3582(c)(1)(A) (ECF No. 81). The defendant states that he was sentenced as a career offender and that under § 401 of the First Step Act, he would no longer be a career offender today.

The government has responded in opposition, arguing that the defendant has not exhausted his administrative remedies and thus the matter should be dismissed without prejudice. The government also asserts that the defendant was not convicted under a "covered offense" and therefore, he is not eligible for relief under the First Step Act. The defendant did not reply to the government's response.

As an initial matter, the defendant will not be required to exhaust his remedies on the intervening changes in the law claim because the Warden is bound by U.S. Sentencing Guideline (U.S.S.G.) § 1B1.13 which limits the authority of the Warden to grant compassionate release requests to certain specified categories. A change in sentencing law or change to the career offender law is not within the jurisdiction of the Warden. So, to

---

[1] Pub. L. 115-015 (S. 756), 132 Stat. 015 (Dec. 21, 2018).

1

require the defendant to return to the Warden to request relief that is not within the Warden's power to give would be pointless. This is different from the exhaustion requirement for motions for compassionate release based on medical or family issues.

The court has carefully considered the record before it and conducted an individualized analysis of the facts and issues raised by the parties. For the reasons which follow, the defendant's motion is respectfully denied without prejudice.

## STANDARD OF REVIEW

Ordinarily, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c); *See United States v. Chambers*, 956 F.3d 667, 671 (4th Cir. 2020); *United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020); *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019). But, "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *See Jackson*, 952 F.3d at 495.

Commonly termed the "compassionate release" provision, § 3582(c)(1)(A)(I) provides a statutory vehicle to modify a defendant's sentence. It was originally adopted as part of the Sentencing Reform Act of 1984.

On December 21, 2018, the First Step Act was signed into law. Broadly, the Act's goals are to reform federal prisons and sentencing laws to reduce recidivism, decrease the federal inmate population, and maintain public safety. The First Step Act also expanded the

existing compassionate release provisions of federal law by allowing an inmate to move for compassionate release himself, rather than allowing only the Director of the Bureau of Prisons (BOP) to do so. The relevant portion of the First Step Act, codified at 18 U.S.C. § 3582(c)(1)(A), as amended by § 603(b) of the First Step Act, provides:

> [T]he court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) [of Title 18] to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

By its terms, § 3582(c)(1)(A) permits the court to reduce the defendant's term of imprisonment after considering the factors set forth in 18 U.S.C. § 3553(a) if the court first finds that (i) extraordinary and compelling reasons warrant such a reduction; and (ii) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. In addition, a district court may not grant a sentence reduction under § 3582(c)(1)(A) without considering the § 3553 factors to the extent they are applicable. *United States v. Kibble*, 992 F.3d 326, 332 (4th Cir. 2021).

In *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), the Fourth Circuit agreed with the Second Circuit in *United States v. Brooker*, 976 F.3d 228 (2d Cir. 2020) and found that there is, as of now, no "applicable policy statement governing compassionate release

3

motions filed by defendants under the recently amended § 3582(c)(1)(A)." As a result, district courts are "empowered . . . to consider any extraordinary and compelling reason for release that a defendant might raise." *McCoy*, 981 F.3d at 284 (citing *Brooker*, 976 F.3d at 230); *see also, Kibble*, 992 F.3d at 331.

A defendant's rehabilitation standing alone does not provide sufficient grounds to warrant a sentence modification. 28 U.S.C. § 994(t). Also, the defendant bears the burden to establish that he or she is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

When deciding whether to reduce a defendant's sentence under § 3582(c)(1)(A), a district court generally proceeds in three steps. *See United States v. High*, 997 F.3d 181, 185–86 (4th Cir. 2021). First, the court determines whether "extraordinary and compelling reasons" support a sentence reduction. Next, the court considers whether a sentence reduction is consistent with applicable policy statements issued by the Sentencing Commission. As noted previously in this order and as set out in *McCoy*, because there is no applicable policy statement governing compassionate release motions filed by defendants under the recently amended § 3582(c)(1)(A), district courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise. Finally, if the court finds that extraordinary and compelling reasons warrant relief, the court must consider the § 3553(a) factors in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment.

4

Even if the defendant meets the eligibility criteria for compassionate release, this court retains discretion as to whether to grant relief. *See* 18 U.S.C. § 3582(c)(1)(A) (providing the court *may* reduce the term of imprisonment) (emphasis added).

## PROCEDURAL HISTORY

The defendant was the sole individual named in a 3-Count Indictment filed in the District of South Carolina in January 2013. He was charged with the following:

Count 1:    Felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e);

Count 2:    Possession with intent to distribute a quantity of cocaine and a quantity of cocaine base, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 841(b)(1)(D); and

Count 3:    Use and carry of a firearm during and in relation to, and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A).

In July 2013, the government filed an Information pursuant to 21 U.S.C. § 851 based upon the defendant's two prior state convictions for: (1) possession with intent to distribute cocaine (sentenced on March 20, 2003 under Indictment 02-GS-40-06795 in the Richland County General Sessions Court); and (2) possession with intent to distribute 5 grams or more of crack cocaine (sentenced on March 23, 2005 to 78 months, under Docket 3:03-1146-MBS in the United States District Court, District of South Carolina).

The defendant pleaded guilty to Count 2 pursuant to a written Plea Agreement (ECF No. 31). The Plea Agreement provided that if the defendant complied with all the terms of

the agreement, the government would move to dismiss the remaining Counts of the Indictment and withdraw the § 851 enhancement at sentencing.

At sentencing, the Presentence Report (PSR) (ECF No. 42) revealed that the defendant's base offense level was 22, plus 2 levels for possession of a firearm, for an adjusted offense level of 24. The defendant was determined to be a career offender[2] under United States Sentencing Guideline (USSG) § 4B1.1(b)(2) which increased his offense level to 34. That level 34 was then reduced by 3 levels for acceptance of responsibility for a total offense level of 31.

The defendant's criminal history score was 5 which established a criminal history category of III. However, because the defendant was determined to be a career offender, the criminal history category was raised to VI.

The total offense level of 31 and criminal history category of VI yielded a Guideline sentencing range of 188 to 235 months. However, because the government agreed to remove the § 851 enhancement, the defendant's total offense level was reduced to 29, and when combined with his history category of VI, produced a new Guideline range of 151 to 188 months.

This court sentenced the defendant to 151 months—the low end of the Guideline range—and 3 years of supervised release. The defendant did not appeal his conviction.

---

[2] The defendant's two prior convictions for "controlled substance offenses" used as predicate convictions for career offender purposes under § 4B1.1 were the same convictions used in the since-removed § 851 enhancement.

The defendant's subsequent motion for a reduction of his sentence pursuant to USSG Amendment 782 was denied by this court upon its finding that the defendant's Guideline sentencing range was unaffected by Amendment 782.

In addition, this court denied the defendant's motion to vacate or correct his sentence made pursuant to 28 U.S.C. § 2255 (ECF No. 78). This court found that the defendant was properly designated as a career offender and that the defendant's prior convictions were valid predicate acts for career offender purposes and they remain so today.

## DISCUSSION

### I. *Section 401 of the First Step Act*

As the government points out in its response in opposition, the defendant was not convicted under a "covered" offense,[3] and his conviction and sentence do not make him eligible for relief under the First Step Act. The government suggests that as a result, this court does not have jurisdiction to review the defendant's motion.

The defendant was not convicted of a crime which carried a mandatory sentence; he was convicted of violating 21 U.S.C. § 841(b)(1)(C). In *Terry v. United States*, 141 S.Ct. 1858, 1862–64 (2021), the Court held that "in light of the clear text, we hold that § 2(a) of the Fair Sentencing Act modified the statutory penalties only for subparagraph (A) and (B) crack offenses—that is, the offenses that triggered mandatory-minimum penalties."

---

[3] The Act defines a "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010."

7

Accordingly, the defendant is not entitled to relief under § 401 of the First Step Act.

## II. *Career Offender Enhancement*

The defendant was determined to be a career offender under the advisory Guidelines. The First Step Act made no changes to the predicate act requirements for career offender status under the Guidelines. Case law from the appellate courts has, to some extent, modified the requirements for career offender status which will be addressed by this court.

In order to be classified as a career offender under the Guidelines, the defendant must:

> "(1) be at least 18 years of age at the time of the instant offense; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions for either a crime of violence or a controlled substance offense." USSG § 4B1.1.

The two predicate acts under USSG § 4B1.1 are defined as:

> (a) [t]he term "crime of violence" means any offense under federal or state law, punishable by imprisonment for a term exceeding one year, that—(1) has as an element the use, attempted use, or threatened use of physical force against the person of another, or (2) is murder, voluntary manslaughter, kidnapping, aggravated assault, a forcible sex offense, robbery, arson, extortion, or the use or unlawful possession of a firearm described in 26 U.S.C. § 5845(a) or explosive material as defined in 18 U.S.C. § 841(c).
>
> (b) [t]he term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense.

The defendant suggests that his prior conviction for possession with intent to distribute cocaine base (March 20, 2003) would no longer qualify as a predicate offense for

8

his classification as a career offender because he only received a two year probationary sentence. The First Step Act changed certain definitional portions of the statute, including 21 U.S.C. § 802(a)(1)(57), which altered the definition of a "serious drug felony." That definition was changed by adding a requirement that a defendant would have had to have served more than 12 months in prison for a prior conviction to qualify as a "serious drug offense" under the statute. However, the defendant's sentence was enhanced, not by any statutory definition, but by the career offender designation of the sentencing Guidelines. The definition of a "controlled substance offense" under the Guidelines has not changed and has no requirement concerning the length of a defendant's prior sentence.

## CONCLUSION

After carefully considering the applicable law, the arguments of the parties, and the record before it, the court concludes that the defendant has not met his burden of establishing that he has an extraordinary and compelling reason such that he is eligible for a reduction in his sentence under § 3582(c)(1)(A) and the First Step Act. This is because the defendant was not convicted of a "covered offense" and, under *U.S. v. Terry*, this court does not have the authority to grant a motion for a non-covered offense. Moreover, the defendant's predicate convictions used to determine his status as a career offender have not changed so as to allow this court to consider a reduction of his sentence due to intervening changes in the sentencing laws.

As the court finds no extraordinary and compelling reason, it is not necessary to address the § 3553(a) factors.

Accordingly, the defendant's motion (ECF No. 81) is denied without prejudice.

IT IS SO ORDERED.

November 14, 2022
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge